IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

**Civil Action No.: 10-CV-1169**

ADAM BENSON,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for Plaintiff's claims under 47 U.S.C. § 227 et. seq. because they arise from a common nucleus of operative facts.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. (hereinafter the "TCPA").

### VENUE

3. Venue is proper within this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

4. Plaintiff, Adam Benson, is a natural person who resides in the City of Kansas City, County of Jackson, State of Missouri.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, NCO Financial Systems, Inc, is a foriegn corporation with a Missouri registered agent of The Corporation Company, 120 South Central Avenue, Clayton, Missouri 65105.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

9. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Prior to telephone calls from Defendant to Plaintiff, an individual other than the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

11. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. The Account went into default with the original creditor.

13. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection from an individual other than the Plaintiff.

14. In the year prior to the filing of the instant action the Plaintiff received telephone calls and voicemail messages on his cellular telephone from the Defendant and/or representatives, employees and/or agents of the Defendant who were attempting to collect the Account. The Plaintiff called the Defendant in response to the telephone calls and voicemail messages. These telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

15. In the year prior to the filing of the instant action the Defendant and/or representatives, employees and/or agents of the Defendant repeatedly called the Plaintiff attempting to collect the Account after the Plaintiff repeatedly told the representatives, employees and/or agents of the Defendant that he was not the person that they were looking for and to stop calling his cellular telephone on the other person's Account.

16. In the year prior to the filing of the instant action the Defendant repeatedly initiated telephone calls to the Plaintiff's cellular telephone using an automatic telephone dialing system and an artificial or prerecorded voice without the prior express consent of the Plaintiff. The telephone calls made by the Defendant were not made for emergency purposes.

17. The statements and actions were undertaken by the Defendant and its representatives, employees and/or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

18. The Defendant and its representatives, employees and/or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface.

19. The Defendant and its representatives, employees and/or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface and e(10).

20. The Defendant and its representatives, employees and/or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

21. The Defendant's statements and actions as well as that of its representatives, employees and/or agents were willful and knowing violations of the FDCPA and TCPA.

22. The Defendant's actions constitute multiple violations of TCPA § 227(b)(1)(A)(iii).

23. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages including emotional distress.

## **RESPONDEAT SUPERIOR**

24. The representatives and/or collectors at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

25. The representatives and/or collectors at the Defendant were acting within the course and scope of their employment at all times mentioned herein.

26. The representatives and/or collectors at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

27. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

28. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

29. The previous paragraphs are incorporated into this Count as if set forth in full.

30. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, § 1692e preface, e(10), § 1692f preface and f(1).

31. The Defendant's violations are multiple, willful and intentional.

32. Pursuant to FDCPA § 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## COUNT II, TCPA VIOLATIONS

33. The previous paragraphs are incorporated into this Count as if set forth in full.

34. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the TCPA, including but not limited to § 227(b)(1)(A)(iii).

35. The Defendant's violations were multiple and were made willfully and knowingly.

36. Pursuant to TCPA section 227(b)(3)(B) the Plaintiff is entitled to statutory

damages of $500.00 per violation.

37. Pursuant to TCPA section 227(b)(3)(B) and b(3)(C) the Plaintiff is entitled to statutory damages of $1,500.00 per willful or knowing violation.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Missouri as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Statutory damages under 47 USC § 227(b)(3)(B) and b(3)(C).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #53501
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF